**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 16-00243-WS** |
| | : | |
| **CHRISTOPHER M. DUFRENE,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**REPORT AND RECOMMENDATION**</u>

This case is before the Court on Defendant Christopher M. Dufrene's Motion to Appoint Expert (Doc. 27). Upon referral of the motion by United States District Judge William Steele, the undersigned conducted a hearing on March 13, 2017. Present at the hearing were Defendant, his retained counsel Jeff Deen, and Assistant United States Attorney Maria Murphy.[1]

Upon consideration of the motion, the evidence presented during the hearing, and the representations of counsel, the undersigned recommends that Defendant's motion be **granted** in part, and **denied** in part.

**I. Background**

Defendant has been charged with using a cellphone and computer to entice a minor to engage in illegal sexual activity, and interstate travel for the purpose of engaging in sexual

---

[1] Defendant's parents also attended the hearing.

activity with a minor.  Defendant was arraigned on the charges in December 2016, and placed on home incarceration.  (Doc. 13).  At the hearing, defense counsel reported that Defendant, who was working as a server at a local restaurant immediately prior to his arrest, is on house arrest and without funds to either pay counsel or retain experts.  He further reported that while Defendant's parents paid the fee to retain counsel to represent Defendant in this action, they cannot afford to pay for expert expenses in this case.[2]  Defense counsel provided a copy of the retainer agreement signed by Defendant's parents, and a document evidencing the fee they paid for his services.  (See Exhibit 1).

Defendant, through counsel, has filed the instant motion to authorize fees for an expert to perform a psychosexual evaluation and risk assessment of Defendant.  According to defense counsel, the evaluation and assessment is necessary for the effective representation of Defendant.  Defense counsel asserts that the Government is requiring the evaluation and assessment as part of plea negotiations, and said evaluation and assessment will aid counsel as he seeks to prepare this case for resolution through a plea or trial.  Additionally, defense counsel has identified Donna L. Moore, Ph.D., a licensed clinical psychologist who is

---

[2] Counsel reported that aside from funds held in their retirement account, the parents do not have any funds.

certified by the Association for the Treatment of Sexual Abusers

("ATSA").   According to defense counsel, Dr. Moore's evaluation

fee is $200 per hour, and the evaluation/assessment period could

require 24 hours, at a total cost of $4800.

**II. Analysis**

According to the Guide to Judiciary Policy, Vol. 7 (Defender

Services), a defendant with retained counsel can be found

indigent for purposes of expert services.   Specifically, Section

310.10.10 provides:[3]

> (a) Investigative, expert, or other services
> necessary to adequate representation, as authorized by
> subsection (e) of the Criminal Justice (CJA)(18 U.S.C.
> § 3006A), are available to persons who are eligible
> under the CJA, including persons who have retained
> counsel but who are found by the court to be
> financially unable to obtain the necessary services.
>
> (b) In this connection, a person with retained
> counsel is financially unable to obtain the necessary
> services if the person's resources are in excess of
> the amount needed to provide the person and the
> person's dependents with the necessities of life,
> provide defendant's release on bond, and pay a
> reasonable fee to the person's retained counsel, but
> are insufficient to pay for the necessary services.

Further, Section 310.10.20 provides, with respect to retained

counsel and fee arrangements, that:

> (a) In responding to requests for services under

---

[3] The Guide to Judiciary Policies and Procedures, Vol. 7,
Pt. A, Ch. 3, § 310.10.20.   See http://www.uscourts.gov/rules-
policies/judiciary-policies/cja-guidelines/chapter-3-ss-310-
general.

18 U.S.C. § 3006(e) by a person represented by retained counsel, the court should inquire into the fee arrangement between the retained attorney and the client.

(b) If the court finds the fee arrangement unreasonable in relation to fees customarily paid to qualified practitioners in the community for services in criminal matters of similar duration and complexity, or that it was made with a gross disregard of the defendant's trial expenses, the court may order the retained attorney to pay out of such fees all or such part of the costs and expenses as the court may direct.

As noted *supra*, a hearing was conducted on March 13, 2017.[4] During the hearing, defense counsel presented evidence regarding Defendant's lack of finances, and the attorney fees paid by his parents. Based on the evidence presented, the undersigned is satisfied that Defendant is indigent and that the fee arrangement between defense counsel and Defendant's parents is reasonable and consistent with the attorney fees customarily charged in this district for such services. The undersigned further finds that, given the nature of the charges Defendant is facing, the requested psychosexual evaluation and risk assessment is necessary for the effective representation of Defendant. The requested psychosexual evaluation and risk assessment will provide information that will aid in negotiating a plea agreement, in preparing the case for trial, and in sentencing.

---

[4] Ms. Murphy, counsel for the Government, was excused from the portion of the proceedings that addressed Defendant's finances, or lack thereof, and the payment of his attorney fees.

4

The $200 hourly fee is reasonable; however, the 24 hour time estimate for completing of the evaluation and assessment does not appear to be in line with time estimates in similar cases.

Upon consideration of the motion, the evidence submitted during the hearing, and the representations of counsel, the undersigned recommends that Defendant be declared indigent for costs, that the Court find that the requested evaluation and assessment are necessary for the effective representation of Defendant, and that the Court approve Defendant's expert request at the hourly rate of $200 per hour for a total of 12 hours. In the event it is determined that an excess of 12 hours is needed to complete the evaluation and assessment, defense counsel should seek leave to make the necessary showing.

**DONE** this **27th** day of **March, 2017.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**